McDERMITT *v*. HUBANKS and Another.

PRACTICE.—The Supreme Court will not reverse a judgment because immaterial evidence was allowed to go to the jury, unless it appears that it might have prejudiced the rights of the appellant.

APPEAL from the *Blackford* Common Pleas.

GREGORY, J.—*Hubanks* and wife sued *McDermitt*, before a justice of the peace, in replevin for a horse. The affidavit stated that the horse was of the value of $25, and that the plaintiffs had sustained damages in the sum of $20 by the

detention. In a complaint, however, filed before the justice, the damages claimed for the detention are $25. There was a finding and judgment on the trial before the justice for the plaintiffs. The defendant appealed to the Common Pleas Court, where a trial by jury was had. The jury found that the plaintiffs were entitled to the possession of the horse, and that the defendant wrongfully detained him; that the value of the horse was $20, and they assessed the plaintiff's damages at $22 50. Motions for a new trial and in arrest of judgment overruled.

The evidence is not in the record.

In a confused bill of exceptions, a great variety of objections are shown to have been taken by the appellant to the rulings of the court below, during the progress of the trial, but without the evidence in the cause this court cannot say that the appellant was injured by any of the rulings objected to. This court will not reverse a judgment on the ground that immaterial evidence was allowed to go to the jury, unless it appears that it might have prejudiced the rights of the party complaining.

The only question properly before this court in the case in judgment is this, did the court below err in overruling the motion in arrest of judgment?

It is urged that the jury found a greater sum in damages than was claimed. There is nothing in this. The plaintiffs, in addition to their affidavit, had a right to file their complaint before the justice. The damages claimed in the complaint were greater than those found by the jury.

The finding is not very formal, but it is substantially good.

The judgment is affirmed, with costs.

*W. March,* for appellant.

*J. Brownlee,* for appellees.