*F. W. Viehe*, for appellants.

*J. S. Pritchard*, *W. E. Niblack* and *W. H. De Wolf*, for appellees.

---

| 25 | 533 |
| 132 | 63 |

## WATT and Another *v.* ALVORD.

FORECLOSURE.—PARTIES.—Where the mortgagor of lands has conveyed the mortgaged premises, the wife of the purchaser is a proper party defendant in a suit to foreclose the mortgage.

SAME.—To a complaint for foreclosure against A, the mortgagor, and B, the purchaser of the mortgaged premises, the latter answered, 1. That the

plaintiff, with notice of the sale of the premises, had proceeded to take a decree of foreclosure against A alone. 2. That the plaintiff then had in the hands of the sheriff an order of sale issued upon the decree of foreclosure mentioned. Reply to the second answer, that the order of sale was issued without the order, knowledge or consent of the plaintiff.

*Held*, that the first answer was bad on demurrer.

*Held*, also, that the reply to the second answer was good, as the clerk had no right to issue the writ without the plaintiff's direction.

PRACTICE.—It is within the discretion of the court to allow a party to introduce further evidence, even after the argument has been concluded.

APPEAL from the *Wayne* Circuit Court.

FRAZER, C. J.—This was a complaint by the appellee against the appellants, *Robert Watt* and *Sylvina* his wife, together with *William S. Watt* and wife, to foreclose a mortgage alleged to have been given by *William* and wife, upon real estate afterward conveyed by the latter to *Robert*. A demurrer by *Sylvina* was overruled, and this is assigned for error.

Is the wife of a purchaser of mortgaged lands a proper party defendant to a suit to foreclose the mortgage? Inasmuch as she has a contingent interest in the equity of redemption, we know of no reason why she should not be made a party to foreclose that contingent interest. The statute seems plain. 2 G. & H., § 18, p. 46; *Mills* v. *Van Voorhis*, 23 Barb. 125.

The fourth paragraph of the answer of *Robert* alleged that the plaintiff, with notice of the conveyance of the real estate to *Robert* by the mortgagor, had proceeded, without making *Robert* a defendant, to obtain a judgment against the mortgagor for the debt, and a decree of foreclosure of the mortgage. A demurrer to this answer was sustained. This ruling was so clearly correct that no discussion of the question is necessary.

The fifth paragraph of the answer, in addition to the facts alleged in the fourth, averred that at the commencement of this suit the plaintiff had an execution and order of sale in the sheriff's hands, issued upon the judgment and decree against the mortgagor. To this, the plaintiff

replied that said execution and order of sale were issued and placed in the sheriff's hands without his order, knowledge or consent. The overruling of a demurrer to this reply is assigned for error. There was no error here. The reply is, in effect, an averment that the execution was issued without authority. If so, it could not prejudice the plaintiff. The clerk had no right to issue the writ without the direction of the plaintiff, or some one having authority to act for him. *Lewis* v. *Phillips,* 17 Ind. 108. If his attorney or agent gave such direction the act would be his, and the reply would not be true.

After the cause had been submitted for trial, and the evidence and argument had been concluded, the court, on the plaintiff's motion, and over the objection of the defendants, permitted the plaintiff to introduce further evidence to supply what had been omitted to make out his case. This the court had power, in the exercise of its discretion, to do, and in this instance there was no abuse of that discretion. Its exercise tended to promote justice, without any prejudice to the defendants.

There was much immaterial evidence given by the plaintiffs, to all of which the defendants objected, such as proof of the consideration of the notes, the amount which the maker had paid and the like, but it could not possibly have injured the defendants, and the error is not, therefore, available here.

But the evidence did not sustain the finding, and a motion for a new trial was erroneously overruled. The general denial was pleaded, and this put the plaintiff to the proof of every material averment of his complaint. He omitted to prove that the conveyance of the mortgaged premises was made to the defendant after the execution of the mortgage, and indeed failed to prove that any such conveyance had ever been made. This was probably an oversight, and it may be, as is urged, that a reversal of the cause will only result in delaying the plaintiff in the collection of an honest

.claim. But we can look only at the record, and apply to the case there appearing the existing rules of law.

The judgment is reversed, with costs, and the cause re-manded for a new trial.

*C. H. Burchenal*, for appellants.

*J. Yaryan*, for appellee.