Dodds v. Vannoy, Administrator.

| 61 | 89 |
| 129 | 588 |

---

## DODDS v. VANNOY, ADMINISTRATOR.

PRACTICE.—*Pleading.*— *Waiver.*—*Trial Without Issue.*—Where, without objection, the parties to an action go to trial without an issue having been formed on a pleading alleging affirmative matter, the same will be afterward regarded as having been controverted as fully as if a denial thereto had been filed.

PRINCIPAL AND AGENT.—*Demand.*—Where a debtor places in the hands of his creditor a chose in action in favor of the debtor against a third person, which the creditor agrees to collect, and out of the proceeds thereof pay himself and account to the debtor for the residue, the creditor is the agent of the debtor and is not liable to an action for such residue until demand therefor has been made.

SAME.—*Statute of Limitations.*—The statute of limitations does not begin to run in such case until such demand has been made.

NEW TRIAL.—*Newly-Discovered Evidence.*—*Cumulative Evidence.*—A new trial of a cause will not be granted on the ground of alleged newly-discovered evidence, which is merely cumulative.

From the Shelby Circuit Court.

*T. B. Adams, L. T. Michener, K. M. Hord* and *A. Blair,* for appellant.

*B. F. Love* and *W. Z. Conner,* for appellee.

WORDEN, J.—This was an action brought by the administrator of the estate of Solomon J. Sayler, deceased, against Mathew M. Dodds, to recover certain money claimed to be due from the defendant to the plaintiff, on the following alleged facts, viz.:

That the deceased, in his lifetime, owed the defendant the sum of one thousand five hundred and fifty-two dollars and nine cents, upon an accounting between them; that the deceased delivered to the defendant a promissory

note, which he held against a third person, for the sum of one thousand nine hundred and nineteen dollars and thirty-three cents, which the defendant was to collect, and pay himself the debt due from the deceased to him out of the proceeds, and pay the residue over to the deceased; that the defendant had collected the money on the note thus placed in his hands, but had failed to pay over, on demand, the residue, as above stated.

The defendant answered:

1.  General denial;
2.  Payment; and,
3.  Statute of limitations.

There was a replication in denial of the second paragraph of answer, but none to the third.

Trial by jury, resulting in a verdict and judgment for the plaintiff.

A motion for a new trial was made by the defendant, on the ground that the verdict was not sustained by the evidence, and on the ground of newly-discovered evidence, but was overruled.

As we understand the brief of counsel for the appellant, they claim that the second and third paragraphs of the answer were established by the evidence.

There was some evidence tending to show that the claim had been paid, and some of a contrary tendency. We can by no means say that the evidence was so clear as to authorize us to disturb the ruling below on that point.

Though there was no reply to the third paragraph of answer, yet, as the parties went to trial without objection, a replication will be deemed to have been waived, and the answer will be regarded as having been controverted in the same manner as if a denial thereto had been filed. *Benoit* v. *Schneider*, 47 Ind. 13.

The defendant must be regarded as the agent of the deceased for the purpose of collecting the money on the note delivered to him, and the plaintiff's intestate could

not have sued him for a failure to pay over the residue until he had made a demand of payment. *Pierse* v. *Thornton*, 44 Ind. 235; *Heddens* v. *Younglove*, 46 Ind. 212.

The statute of limitations, therefore, did not begin to run in favor of the defendant until the demand was made. *Lynch* v. *Jennings*, 43 Ind. 276.

One James B. Parker testified to a demand made by the deceased upon the defendant for the residue of the money collected on the note. This, he said, was along in the Spring of 1868, March or April. We can not, from any other evidence, determine precisely the time when the demand was made. This action was brought on the 27th of April, 1874. We can not say that the six years had expired, after the demand was made, before the action was brought. The demand may have been made on the 28th, 29th, or 30th of April, 1868.

The jury having found against the defendant on the third paragraph of his answer, we can not, on the evidence adduced, disturb their verdict.

We pass to the newly-discovered evidence. The defendant, in addition to his own affidavit, filed the affidavits of several persons, which were all much alike, and stated, in substance, with some variation of phraseology, that they had heard the deceased say that he was square with Dodds; that he did not owe Dodds, nor did Dodds owe him.

One of the affiants names the year 1867 as the time when the conversation was had, another the year 1869, and the others 1868, but none of them state the month, or in any manner the time of the year. One affiant states, that in June or July, 1872, he heard the deceased say " he regarded Mat. Dodds as a fraud; have no business connection with him whatever, nor do I intend to have."

This last statement of the deceased, if it were made, could have no bearing upon the issues whatever. The deceased might then have had no business connection

with Dodds, and yet Dodds may have owed him the money claimed in this action. It may have. been, for aught we can say, the non-payment of the money that led the deceased to place such estimate upon the defendant.

The newly-discovered evidence, except that last above stated, was merely cumulative to that given by the defendant on the trial. Thus, the defendant introduced David Smith as a witness, who testified as follows: "I heard Sayler say, sometime after he was in possession of distillery, that he had got shut of Dodds, and he did not owe Dodds, nor Dodds him, any thing, and he was glad of it. This was in '67 or '68."

Henry Lewis, another of defendant's witnesses, testified as follows: "Knew Sol. Sayler in his lifetime. I worked in distillery three or four times while he was in it. I drove team for him in 1868. Heard Sayler two or three different times remark about Dodds. Heard him say he 'did not owe me any thing, and I did not owe him any thing.' This was in the Spring of 1868. Pleasant weather. In June or July following heard him say he wanted nothing to do with Dodds; was clear of him; owed Dodds nothing, and Dodds owed him nothing, and he wanted to keep clear of him."

We have thus set out enough of the evidence given on the trial to show that the newly-discovered evidence is but cumulative; that is, it is evidence of the same kind, and directed to the same point, as that given on the trial. *Humphries* v. *The Administrators of Marshall*, 12 Ind. 609.

We do not understand the counsel for appellant as controverting the proposition, that the newly-discovered evidence was cumulative merely, but they claim, that, under the statute authorizing new trials, they were entitled to a new trial, notwithstanding the character of the newly-discovered evidence. The statute provides, that "A new trial may be granted in the following cases, and upon the following terms: * * * *Seventh.* Newly-discovered

evidence material for the party applying, which he could not with reasonable diligence have discovered and produced at the trial." 2 R. S. 1876, p. 179, sec. 352.

The appellant's counsel claim, that, under this statute,. the only question is, whether the newly-discovered evidence is material to the party applying for a new trial, and whether it could have been discovered and produced on the trial with reasonable diligence.

This literal construction has never been put upon the statute.

Thus it has been held, that a refusal to grant a new trial on the ground of newly-discovered evidence will not be disturbed by this court, where such evidence does not seem obviously sufficient to change the result upon a new trial. *Cones* v. *Ryman*, 9 Ind. 277. So, also, it is held, that a new trial will rarely, if ever, be granted on the ground of newly-discovered evidence to impeach witnesses. *Jackson* v. *Sharpe's Administrator*, 29 Ind. 167.

We have a number of cases in our reports holding, that it is not error to overrule a motion for a new trial made on the ground of newly-discovered evidence which is merely cumulative. It will be sufficient to cite the following: *Fox* v. *Reynolds*, 24 Ind. 46; *Zouker* v. *Wiest*, 42 Ind. 169; *Cox* v. *Harvey*, 53 Ind. 174. We adhere to these rulings.

There is no error in the record.

The judgment below is affirmed, with costs.

Opinion filed at November term, 1877.

Petition for a rehearing overruled at May term, 1878.