## SUPREME COURT.

### JOSEPH EMRICH agt. LUCY E. WHITE.

*Specific performance of a contract for the sale of real estate — When purchaser cannot bring an action for specific performance.*

Where the alleged defects in the title were well known to both parties at the time of the contracting for the sale, and negotiations were entered into in respect to such alleged defects, and an agreement was executed which left it optional with the vendor whether she would bring an action for specific performance or not, and the vendee did reject the title on a tender of a deed to him, and the vendor subsequently elected not to bring an action for a specific performance by the vendee:

*Held*, that this put the vendee in default and he cannot bring a suit in equity to compel the vendor to give a full and perfect title.

Where any rights, which the vendee may have arising out of the transaction, can be protected by an action at law, specific performance ought not to be decreed.

*Special Term, November*, 1881.

THE action is brought by the purchaser against a seller, ostensibly to enforce the specific performance of a contract for the sale of real estate. The plaintiff rejected the title. He asks the court to determine that he was right in doing so, and to compel the defendant to make the title good, and then to convey to him the property at the price of $9,000 specified in the contract.

On the 29th of June, 1880, the defendant, who is the widow

of John H. White, through her agent, who goes by the name of Elial F. Hall, agreed in writing to convey to Joseph Emrich, the plaintiff, on the 20th July, 1880, two lots on the corner of Second avenue and Seventy-third street, for the price of $9,000. No money was paid by Emrich on the execution of this agreement. By its terms he was to assume a mortgage on the premises for $3,000, and pay the balance of $6,000 in cash. Mrs. White did not agree to give a warranty deed, but only a bargain and sale deed. The title did not pass on July twentieth, the day appointed. On that day the plaintiff, as stated in his complaint, " did decline to pay the purchase-money provided for by the agreement of purchase and to accept a deed of the premises in suit by reason of defects which he then alleged in the title of the defendant." Mrs. White, " through her agent, gave the plaintiff verbally a few days further time to accept the deed and pay the purchase-money without a lawsuit." The plaintiff engaged one Mr. Bradley as counsel to examine the title, with special reference to the claims of the creditors of John H. White. Bradley decided that Mrs. White could not give a title that would be free from these claims. Prior to August seventh there were negotiations with a view to a submission to the general term of the question as to the title, upon a written statement of facts to be agreed upon, but no such statement of facts was completed or agreed upon. On the eleventh of September, this action was commenced.

The will of John H. White was probated on March 21, 1877 (more than three years, therefore, prior to June 29, 1880, the date of the contract in suit), and on the same day letters testamentary were issued to the defendant Mrs. White, as sole executrix. She filed her account on the 19th of August, 1879, which account was settled and allowed by a decree of the surrogate, entered and filed November 13, 1879. It appeared from this account that the personal assets of the testator were not sufficient to pay his debts. By the terms of the will the testator devised all his estate, after the payment

of his debts, to his wife, the defendant. She held the title, therefore, to the premises in suit, as sole devisee, and not as executrix, as the will does not contain the usual power of sale. Accordingly, no deed was tendered by Mrs. White as executrix, but the deed tendered was in performance of a contract entered into by her individually.

*Elial F. Hall*, for defendant. There is no authority that requires anything more of the vendor than that he be ready with a proper deed. Even the tender of a deed is waived by the vendee if he refuses to perform (*Lawrence* agt. *Miller*, 86 *N. Y.*, 131). When the state of the title is fully known to both parties, at the time of contracting for the sale, and the vendor offers the purchaser all the title he has, he does all in his power to perform his agreement. And if the purchaser declines accepting that title, he cannot bring a suit in equity to compel the vendor to give a complete and perfect title (*Mills* agt. *Van Voorhis.* 23 *Barb.*, 125 ; *Page* agt. *McDonnell*, 55 *N. Y.*, 299). This well settled rule is stated by Pomeroy in his work on Specific Performance (*sec.* 442), as follows : " If the vendee, at the time of entering into the contract, knows or is sufficiently informed that the vendor's title is defective, or that his interest is partial, or that the subject-matter is deficient, he is not entitled to any compensation ; if he insists upon a conveyance of what the vendor can give, he must pay the full price stipulated ; and the vendor may, perhaps, force a specific performance upon him without compensation (*Peeler* agt. *Levy*, 26 *N. Y.*, 330 ; *Franz* agt. *Orton*, 75 *Ill.*, 100). A purchaser buying with full knowledge of a defect in the title of property, will not, for that defect, be permitted to come into equity for relief (*Craddock* agt. *Shirly*, 3 *A. K. Marshall's Ky. Rep.*, 288, cited in 1 *Hillard on Vendors*, 223 ; *see, also, Rawlins* agt. *Timberlake*, 6 *Monroe*, 230). The defendant, by the terms of the will of her husband, is vested with the fee simple of the premises in question, but the title so vested in her is sub-

ject to the charge of his debts. The plaintiff, as *bona fide* purchaser of the premises in question, was not bound to look after the application of the purchase-money paid by him to the defendant (*See Lufton* agt. *Lufton*, 2 *Johns. Ch.*, 623 ; *Reynolds* agt. *Reynolds' Executors*, 16 *N. Y.*, 259 ; *Wood* agt. *Wood*, 26 *Barb.*, 356 ; *Elliott* agt. *Merriman*, 2 *Atkyns*, 41 ; *Corser* agt. *Cortwright, Law Reports, Chancery Appeals* [*vol.* 8], 975 ; *affirmed in House of Lords English and Irish Appeals Cases* [*vol.* 7], 731 ; *Andrews* agt. *Sparhawk*, 13 *Pick.*, 393 ; *Gardner* agt. *Gardner*, 3 *Mason*, 217, 218 ; *Porter* agt. *Gardner*, 12 *Wheaton*, 502 ; 2 *Story's Equity Jurisprudence, sec.* 1130 ; *and see, also, secs.* 1127–1131 ; 2 *Wahsburn on Real Property, Book II, chap.* 3, *secs.* 4, 20 ; *Perry on Trusts* [*2d and 3d ed.*], *sec.* 802 ; 2 *Dart on Vendors and Purchasers* [*5th ed.*], *pages* 602 *and* 603 ; *Will of Fox*, 52 *N. Y.*, 530 ; *Dill* agt. *Wisner*, 88 *N. Y.*, 153).

*Samuel Uttermeyer*, for plaintiff.

LAWRENCE, *J.* — It seems to me that there are several answers to this action. In the first place I do not think that under the agreement of June 29, 1880, the defendant was under any obligation to bring an action for specific performance. That agreement contains provisions and conditions which are to apply and to become binding upon the parties in case the defendant elects to bring such an action, but I fail to discover anything in the agreement which renders it obligatory upon her to do so. In the second place this appears to be a case in which the alleged defects in the title were well known to both parties at the time of the contracting for the sale. Negotiations were entered into in respect to such alleged defects, and the agreement hereinbefore alluded to was executed, which left it optional with the defendant whether she would bring an action for specific performance or not. On the 20th of July, 1880, the day on which the contract was to have been closed, the plaintiff did reject the title, on a tender of

a deed to him, and the defendant subsequently elected not to bring an action for a specific performance by the plaintiff. This put the plaintiff in default and he cannot bring a suit in equity to compel the vendor to give a full and perfect title. In this view it is utterly immaterial whether the objections to the defendant's title were sound or unsound (*Mills* agt. *Van Voorhis*, 23 *Barb.*, 125; *Page* agt. *McDonnell*, 55 *N. Y.*, 299). The subsequent negotiations of the parties did not, in my opinion, change the relations between them, which had been fixed by their own acts and by their mutual dealing in respect to the property.

Again, if the objection to the title of the defendant, which is urged by the plaintiff, is sound this is not a case in which a court of equity can decree a specific performance, providing that compensation be made to the purchaser. If the creditors of the defendant's husband have such a lien on the premises in question, as it is claimed they have, the amount which the plaintiff would be entitled to receive as an allowance or compensation on that account would be extremely large, if it did not equal, the entire purchase-price. Under such circumstances the authorities do not countenance the granting of a decree for specific performance at the suit of a vendor (*See Winne* agt. *Reynolds*, 6 *Paige*, 412; *King* agt. *Bardeau*, 6 *Johns. Ch.*, 38). And by the same reasoning it results that there should be no decree for a specific performance at the suit of the vendee.

Finally, under all the evidence in the case, I am of the opinion that any rights which the plaintiff may have arising out of the transaction in question can be protected by an action at law, and that in the exercise of a proper discretion specific performance ought not to be decreed.

For these reasons I am of the opinion that the complaint should be dismissed, with costs. The findings may be settled on two days' notice.

NOTE.— Affirmed by general term, November, 1883, on foregoing opinion.