No. 10,767.

## EMERICK, ADMINISTRATOR, *v.* CHESROWN.

STATUTE OF LIMITATIONS.—*Demand.*—Where one receives money of another to be paid upon the debt of the latter, and fails to so pay, the statute of limitations does not begin to run against the latter until demand is made.

From the Noble Circuit Court.

*A. A. Chapin* and *R. P. Barr*, for appellant.

*V. C. Mains*, for appellee.

BICKNELL, C. C.—This was a claim by the appellee against a decedent's estate. The claim alleged that in 1867 the appellee delivered to the decedent, then in life, who was the father-in-law of the appellee, $200, to be paid by him to the

appellee's creditors, and to be accounted for on demand; that the decedent paid to said creditors $145 of said money, and kept the remaining $55, and died in May, 1878, without having accounted therefor. The claim demanded $55 and interest, and alleged that the appellant, the decedent's adminstrator, had refused to pay it on demand.

The administrator answered in four paragraphs, to wit:

1. The general denial.

2. Payment.

3. That the cause of action did not accrue within six years before the decedent's death.

4. A set-off.

There was no reply, but, the cause having been submitted to the court for trial, a reply was waived; the answer was regarded as denied. *Dodds* v. *Vannoy*, 61 Ind. 89.

The court found for the claimant $55, the defendant's motion for a new trial was overruled, judgment was rendered on the finding. The defendant appealed.

The error assigned is overruling the motion for a new trial. The reasons for a new trial are:

1. The finding is not sustained by sufficient evidence.

2. The finding is contrary to law.

3. The finding is contrary to the evidence.

4. Error of the court in recalling Mason M. Bowen as a witness after the parties had rested, and in permitting him then to testify.

5. Error in admitting as evidence the docket entry of a judgment in favor of Mason M. Bowen against William Jordan and others, over defendant's objection.

6. Error in admitting in evidence the pretended assignment of said judgment, over defendant's objection.

In support of the first three specifications of error, the appellant contends that the claim was barred by the statute of limitations. But the evidence shows that the money was received by the decedent to be applied in payment of the appellee's debts, and that all of it was so applied except $55,

and that the defendant died in 1878, without having rendered an account.

When the defendant died the statute of limitations had not begun to run. It does not begin to run in such case until demand made—and the bringing of the suit is a sufficient demand. *Dodds* v. *Vannoy, supra; Trimble* v. *Pollock,* 77 Ind. 576; *Wright* v. *Jordan,* 71 Ind. 1.

Section 298, R. S. 1881, which is the same as section 217 of the civil code of 1852, is as follows: "If any person entitled to bring, or liable to any action, shall die before the expiration of the time limited for the action, the cause of action shall survive to or against his representatives, and may be brought at any time after the expiration of the time limited, within eighteen months after the death of such person." This section applies only to cases where the party dies after the statute has begun to run and before the time limited has expired, and in such cases its effect is to extend the time of limitation. This was the construction given to the section under consideration in *Harris* v. *Rice,* 66 Ind. 267, where it was said by HOWK, J.: "Thus, it seems to us, that, under this section, while the ordinary period of limitation may possibly be enlarged, yet it can never be diminished or abbreviated in any case." To the same effect are the cases of *Hiatt* v. *Hough,* 11 Ind. 161, and *Knippenberg* v. *Morris,* 80 Ind. 540. The claim in this case was not barred by the statute of limitations, and the finding was sustained by the evidence, and was not contrary to law.

As to the fourth specification of error, it was in the discretion of the court to recall the witness, Bowen, and re-examine him after the parties had rested, and in such cases this court will not interfere, unless there has been an abuse of such discretion. *Coats* v. *Gregory,* 10 Ind. 345; *Watt* v. *Alvord,* 25 Ind. 533; *Sharp* v. *Radebaugh,* 70 Ind. 547.

As to the fifth and sixth specifications of error, the record mentioned in the fifth specification, and the assignment

thereof, mentioned in the sixth specification, were altogether immaterial; the examination of them by the court, of its own motion, after the parties had rested, was, at most, a harmless error, which will not warrant the reversal of the judgment. *McDermitt* v. *Hubanks*, 25 Ind. 232; *St. Louis, etc., R. W. Co.* v. *Mathias*, 50 Ind. 66; *Pettis* v. *Johnson*, 56 Ind. 139; *Lovinger* v. *First National Bank of Madison*, 81 Ind. 354.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be, and the same is hereby, in all things affirmed at the costs of the appellant.