## DAY v. DAGES ET AL.

[No. 2,118.    Filed March 16, 1897.]

AGENCY.—*Liability of Agent for Act of Sub-Agent.—Fraud.—Statute of Limitations.*—B, a general loan agent, had an agreement with a local loan agency by which such local agency was to receive applications for loans and forward same to B, and in the event that a loan was thus made the commission paid was to be shared by both. Through the local agency, A made application for a loan which in pursuance of the agreement was procured by B, the general agent, and a draft for the money, payable to A, was forwarded to the local agents with instructions to see that all liens and incumbrances were paid that were on the land offered for security, and to complete the loan. The local agents notified A that it was necessary for him to endorse the draft to them that they might pay off a certain school fund mortgage, and the endorsement was made. One of the local agents who was also county auditor, fraudulently delivered up the school fund note and mortgage, fully receipted and satisfied, but the school fund lien was not in fact paid, but the amount thereof retained by the local agents. Afterwards the school fund mortgage was enforced against A. *Held,* that A had a cause of action against B for the recovery of the money. *Held,* also, that the acts of the auditor amounted to a fraudulent concealment, and the statute of limitations did not begin to run against A, the mortgagor, until knowledge came to him of the fact that said mortgage had not been paid.

From the Daviess Circuit Court. *Affirmed.*

*W. R. Gardiner, C. G. Gardiner* and *W. R. Gardiner, Jr.,* for appellant.

*Arnold J. Padgett, Alvin Padgett* and *J. W. Ogden,* for appellees.

COMSTOCK, C. J.—Trial by the court and judgment below in favor of appellee. The errors assigned are that the court erred in overruling appellant's demurrer to the complaint, in overruling motion for a continuance, and overruling motion for a new trial.

The complaint is assailed upon two grounds.  First, that it does not state facts sufficient to constitute a cause of action; second, that it shows upon its face that the cause of action is barred by the six years' statute of limitations.

The complaint avers, in substance, that in the year 1888, Thomas C. Day and William C. Griffith were, under the firm name of Thomas C. Day & Company, engaged in the business of loaning money, having their principal place of business at Indianapolis, Indiana; that they were general agents in the State of Indiana for loaning money of the Aetna Life Insurance Company; that Lavelle & Clark were also engaged in the business of loaning money, and their place of business was Washington, Indiana; that Day & Company and Lavelle & Clark had an agreement with each other by which Lavelle & Clark were to procure customers and contracts for Day & Company as agents, to obtain loans for such customers, and divide with each other the commissions obtained therefrom; that appellee, Dages, applied to Lavelle & Clark for a loan; that Lavelle & Clark, in pursuance of the agreement made with Day & Company, procured him to sign a contract, employing Day & Company as his agents to procure for him a loan, agreeing to pay them a certain commission for their services, which agreement was, by Lavelle & Clark, forwarded to Day & Company, who accepted the same and thereupon, as the agents of appellee, Day & Company procured for him a loan of $750.00; that by the terms of the agreement between Day & Company and Lavelle & Clark, Day & Company were to procure the loan, forward the same to Lavelle & Clark, who would then attend to the closing of the loan; that Day & Company procured the loan for appellee, sent the money by draft to Lavelle & Clark, payable to appellee, together with the

notes and mortgage for the plaintiff to execute, and with instructions to Lavelle & Clark to see that all liens and incumbrances were paid that were then on the land offered as security, so that the lien of the mortgage to the Aetna Life Insurance Company would be the first lien; that Lavelle & Clark received the papers and draft from Day and Griffith and notified appellee that it was necessary for him to endorse the draft to them so that they might procure the money to pay off liens, among which was a school fund mortgage upon which there was then due a balance of $92.25; that appellee thereupon endorsed the draft as required, and Lavelle & Clark drew the money thereon; that Lavelle was at that time the auditor of Daviess county, Indiana, in which county the land mortgaged was situated; that Lavelle & Clark proceeded to close up said loan and pay off the liens on the land; that Lavelle, as the auditor of the county, turned over to the appellee, Dages, the school fund note and mortgage, fully receipted and "satisfied;" that appellee believed that the same had been paid and properly satisfied, and that he did not know any different until the —— day of ————, 1894, when the then auditor of Daviess county brought suit upon the same; that upon the trial of said suit it was shown that the money had never, in fact, reached the treasurer of the county, and a judgment was rendered against him for said balance and interest; that Lavelle & Clark and Day and Griffith never paid the money due on said school fund mortgage to the treasurer of the county, but that they unlawfully converted the same to their own use; that at the October term, 1894, of the Daviess Circuit Court, the auditor of said county recovered judgment against the appellee for the sum of $140.52; that since then he has made a demand on the said Lavelle & Clark and the said Day

and Griffith for the payment of said money and interest, which they refused to pay; that Griffith is dead and his estate settled; Lavelle & Clark made default.

These averments are to the effect that at the instance of Lavelle & Clark, appellee applied to Day & Company to procure for him a loan. They procured the money, sent it by draft in his name to Lavelle & Clark, and directed them to see that it was applied to the payment of all liens and incumbrances then on the real estate of the appellee, so that the mortgage to be given to the Aetna Life Insurance Company should be the first lien; they, Lavelle & Clark, procured the draft to be endorsed to them for this purpose; they received the money thereon and engaged to do what Day & Company had instructed them to do, and for which services, in connection with other services to be rendered in and about the making of said loan, they were to receive from Day & Company 2 per cent. of the 5 per cent. commission agreed to and actually paid by appellee to Day & Company.

It is clear that in this transaction they were acting as the representatives of Day & Company; instructions were given them by Day & Company to do certain things in the interest of their principal, the Aetna Life Insurance Company; at their instance they procured the money from appellee, agreeing to apply it in the discharge of liens that the Aetna Life Insurance Company might be secure in its investment. We think appellant should not be heard to say that Lavelle & Clark were not acting for them and thus escape responsibility for the bad faith of one whom they had intrusted with their business. *Dodds* v. *Vannoy, Admr.,* 61 Ind. 89.

The mortgage and notes given by appellee to secure the school fund, having been surrendered to him, marked "satisfied," by the representative of the ap-

pellant, which representative was, at the time, auditor of said county, and the proper officer to cancel said mortgage upon the payment of the debt to secure which it had been given, and who, under the direction of appellant, had received from appellee the money with which to pay said indebtedness, was a fraud amounting to concealment upon the part of said representative, and the statute of limitations would not begin to run against said mortgagor until knowledge came to him of the fact that said mortgage had not been paid. *Boyd* v. *Boyd,* 27 Ind. 429; *Dorsey Machine Company* v. *McCaffrey,* 139 Ind. 545, and the authorities therein cited.

It was not negligence upon his part to rely upon the truth of the endorsement of the proper officer to whom he had actually paid the money. The demurrer to the complaint was properly overruled. Its allegations are amply sustained by the evidence.

Appellant insists that the court erred in overruling his motion for a continuance of the cause when appellee had rested his case. Appellant moved for a continuance of the cause because of surprise at the testimony of appellee and one August Farrel, as to the presence and participation of the appellant and one John E. Springer in the paying out of the money on the liens against appellee's land; to which ruling proper exception was taken, and which is assigned as error in this appeal.

We think in this ruling of the court there was no error. The presence of the appellant at that time would not change the liability of appellant under the averments of the complaint, or under the evidence adduced at the trial.

Judgment affirmed.